UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAHEEM PRICE,<br><br>           Plaintiff<br><br>      v.<br><br>ROBERT GELL, et al.,<br><br>           Defendants. | Case No. 5:23-cv-00671-JLS (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On October 27, 2022, Plaintiff filed a civil complaint in Riverside County Superior Court Case No. CVSW2207120 against Ruslan Yeramishyn, Robert Gell, David Holm ("Defendants"), and various "Doe" defendants. [Dkt. 1, Ex. 1.] On March 22, 2023, Plaintiff filed a First Amended Complaint against the Defendants and eight "Does." On April 7, 2023, Defendants removed Riverside County Superior Court Case No. CVSW2207120 to this District Court and it was assigned Case No. 5:23-00608-JLS (GJS) (the "23-608 Action").[1] After motion proceedings, on November 20, 2023, Plaintiff was granted leave to file a Second Amended Complaint in the 23-608 Action, and Defendants have been ordered to file a response to the amended pleading.

---

[1]     Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the contents of, and docket for, the 23-608 Action.

On April 13, 2023, six days after the 23-608 Action commenced in this Court, Plaintiff initiated this case by filing a civil rights Complaint and a request to proceed without prepayment of the full filing fee. [Dkts. 1-2.]  The Complaint filed in this case was substantially identical to the First Amended Complaint that was then pending in the 23-608 Action:  both pleadings sued the three above-noted named Defendants and eight Does and rested on the same factual allegations; and both pleadings alleged the same First Amendment-based claims brought under 42 U.S.C. § 1983.  The two pleadings, however, alleged some varying claims: the 23-608 Action First Amended Complaint included state law claims not brought in this case; and the Complaint in this case included an equal protection/Section 1983 claim and 42 U.S.C. §§ 1981 and 1985(3) claims not alleged in the 23-608 Action First Amended Complaint.

On May 31, 2023, in this case,  the Court granted Plaintiff's request to proceed without prepayment of the full filing fee.  [Dkt. 10.]  On June 2, 2023, Plaintiff filed a First Amended Complaint in this case and another request to proceed without prepayment of the full filing fee.  [Dkts. 11-12.]  On June 12, 2023, the Court granted the second request to proceed without prepayment of the full filing fee.  [Dkt. 13.]

On September 5, 2023, in this case, Plaintiff filed a motion seeking leave to file a Second Amended Complaint and lodged a proposed Second Amended Complaint.  [Dkt. 15.]  On September 11, 2023, United States Magistrate Judge Gail J. Standish granted the motion and directed that the proposed Second Amended Complaint be filed.  [Dkts. 17-18.]

The Second Amended Complaint now pending in this action is virtually identical to that now pending in the first-filed 23-608 Action.  Both sue the three named Defendants and eight Does and rest on identically-pleaded factual allegations.  Both raise the same three claims:  (1) a Section 1983 claim brought under the First and Fourteenth Amendments, resting on asserted freedom of speech

2

and equal protection violations; (2) a Section 1983 claim brought under the Sixth and Fourteenth Amendments, resting on asserted right to counsel/attorney-client privilege/attorney-client relationship and equal protection violations; and (3) a Section 1983 claim brought under the First and Fourteenth Amendments, resting on asserted retaliation and equal protection violations, along with claims brought under 42 U.S.C. §§ 1981 and 1985(3) resting on the same allegations.  Both seek the exact same damages remedies.  The sole difference in the two pleadings is that the Second Amended Complaint in this action contains a single page of an exhibit [C-5] that is not included in the Second Amended Complaint in the 23-608 Action.  [*Compare* the Second Amended Complaint in this action [Dkt. 18] with the Second Amended Complaint in the 23-608 Action [Dkt. 29.]  In all other respects, the two pleadings are identical.

      Thus, as of the present date, Petitioner has two identical civil rights actions pending in this District.  In one – the first-filed 23-608 Action – the Defendants have been served with process, have appeared, and have been ordered to respond to the pending Second Amended Complaint.  In this second-filed action, service of process had not yet occurred; if it were to be ordered, this would require the efforts of the United States Marshals Service and attendant taxpayer-funded costs.  There is no tenable reason to order service of process in this case and thereby force the Defendants to submit filings in two separate, but duplicative, cases (with an attendant cost and duplication of effort for them and Court staff), especially given that Plaintiff's claims are being litigated in the 23-608 Action.  There also is no tenable reason for the Court to consider and rule on the same claims through two separate actions.  The resources of the Court and the litigants before it are not endless and should not be expended in a duplicative manner for no good reason.  There simply is no legitimate reason for parallel, identical cases to proceed in this District.

      Federal courts "retain broad powers to prevent duplicative or unnecessary

litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (every federal court has the inherent power "to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). A plaintiff must bring one action against a party or privies relating to the same transaction or event. *Id.* at 693. "District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal.'" *Id.* at 688 (citation omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.*; *see also M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims"); *Shappell v. Sun Life Assur. Co.*, No. 10-cv-03020-MCE-EFB, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011) (dismissing second of two separate, but identical, actions, observing that "[t]he inherent power to manage the Court's own docket permits it to order dismissal of duplicative claims in order to foster judicial economy and the 'comprehensive disposal of litigation'") (citation omitted).

      There is no justification for allowing two separate, but identical, cases to proceed based on what plainly is a single set of civil rights claims stemming from certain legal mail-related incidents during Plaintiff's incarceration. In the interests of judicial economy, this action will be dismissed on the ground that it is duplicative of the parties and claims and matters at issue in the pending 23-608 Action.[2]

---

[2]    The Court concludes that dismissal of this duplicative case is more appropriate than joinder or consolidation of the two actions. Having two actions

Accordingly, IT IS ORDERED that: this action is dismissed, without prejudice, on the ground that it is duplicative of a pending action; and Judgment shall be entered dismissing this action without prejudice.

**IT IS SO ORDERED.**

DATED:  January 4, 2024

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

pending when one will suffice is not only unnecessary, but creates the possibility of confusion and unwarranted additional work and cost both for the Court and its staff and the parties.

5